Rosa Molina, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 701. Submitted January 10, 1928.—Decided January 26, 1928.

*Andrés Mena* for the appellant. The registrar did not appear.

Mr. Justice Wolf delivered the opinion of the court.

Emilia Casanova rented a piece of property to Rosa Molina and in the same instrument there was a recital that Rosa Molina had constructed on the piece of land a house and a garage and it was expressly agreed that the lease and the existence of the buildings should be recorded in the registry of property. The registrar recorded the instrument and the buildings with the curable defect that it failed to mention whose would be the ownership at the conclusion of the lease. The appellant very well contends that the whole matter is governed by section 370 of the Civil Code as follows:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the

work, sowing or planting, by previously paying the indemnity specified in sections 455 and 456 of Chapter III, Title V, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

Under this section the landlord is not obliged to make any immediate election during the pendency of the lease; therefore the objection of the registrar is unavailing.

The note should be reversed and it is held that the curable defect assigned does not exist.

Mr. Chief Justice Del Toro dissented.

### DISSENTING OPINION OF MR. CHIEF JUSTICE DEL TORO

Only definite rights should be recorded and mentioned in the registry. This being so, the least that the registrar could and should have done in this case was to note the curable defect pointed out in order to call the attention of future contractors to the indefinite condition of the ownership of the buildings spoken of in the majority opinion.